**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| SOLEDAD MORALES ARCEO; EMILY GONZALEZ MORALES; ANGELA GABRIELA GONZALEZ MORALES, | No. 20-71038 |
| | Agency Nos. A208-600-110 |
| Petitioners, | A208-600-109 |
| | A208-600-068 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submission deferred November 4, 2021
Submitted August 18, 2022**
San Francisco, California

Before: SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Soledad Morales Arceo and her two daughters, citizens of Mexico, petition

for review of the Board of Immigration Appeals' (BIA) denial of their applications

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

for asylum, withholding of removal, and protection under the Convention Against Torture (CAT).

Petitioners contend that the BIA should have independently evaluated the claims of the daughters for asylum and other relief. They have not shown, however, that the daughters ever made independent claims.

The BIA did not err in denying the claims for asylum and withholding. Although Morales' partner was kidnaped after refusing to join the Knights Templar, neither Morales nor her daughters suffered threats rising to the level of persecution or physical harm while in Mexico. They failed to show that any threat of future harm had a nexus to a statutorily protected ground. *See* 8 U.S.C. § 1158(b)(1)(B)(I) (outlining nexus requirement for asylum); *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017) (outlining nexus requirement for withholding). Morales also argues that the IJ ignored her political opinion claim, but there is no basis in the evidence to support such a claim. While in Mexico she attempted to report the disappearance of her partner, but she did not express any political views of her own, and no views were imputed to her by the police.

The BIA upheld the immigration judge's (IJ) denial of the CAT claim. There was no evidence that Morales or her daughters had been tortured or would be targeted in the future. She principally relies instead on generalized descriptions

of violence and human rights issues in the country. The IJ specifically found, however, that she had transferrable skills and could relocate within Mexico to avoid the harm she feared from the Knights Templar. Country conditions reports in the record support the agency's conclusion that she could relocate within the country to avoid the reach of that cartel, because it is not active in all of Mexico and is centered principally in Michoacan. There was no error in the denial of the CAT claim.

The Petition for Review is **DENIED.**